# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00462-CV

---

### E. L., Appellant

### v.

### Department of Family and Protective Services, Appellee

---

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-20-006077, THE HONORABLE CLEVE WESTON DOTY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

E.L. appeals from the trial court's order terminating her parental rights to her daughter T.C. *See* Tex. Fam. Code § 161.001. After a jury trial, the trial court rendered judgment finding by clear and convincing evidence that several statutory grounds existed for terminating E.L.'s parental rights and that termination was in the child's best interest. *See id.* § 161.001(b)(1) (E), (M), (O), (P), (R), (b)(2).

E.L.'s court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable

grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). E.L.'s counsel has certified to this Court that he has provided her with a copy of the *Anders* brief and informed her of her right to receive a copy of the entire appellate record and file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief. To date, E.L. has not filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have specifically reviewed the trial court's findings as to E.L. under part (E) of subsection 161.001(b)(1) of the Family Code, and we have found no non-frivolous issues that could be raised on appeal with respect to that finding. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (explaining due process and due course of law considerations pertaining to terminations under section 161.001(b)(1)(D) or (E) of Family Code). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support E.L.'s appeal. We agree with E.L.'s counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating E.L.'s parental rights. We deny counsel's motion to withdraw.[1]

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to E.L. have not yet been discharged. *See id.* If after consulting with counsel E.L. desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

2

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   November 18, 2022